UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SIDNEY MERRIWEATHER, *et al.*, <br>     *Plaintiffs*, <br> <br> *vs.* <br> <br> SOUTHWEST RESEARCH INSTITUTE, <br>     *Defendant*. | ) <br> ) <br> ) <br> )    2:09-cv-0328-JMS-WGH <br> ) <br> ) <br> ) |

# ORDER

Presently before the Court is Plaintiffs' Motion for Temporary Partial Stay of November 3, 2010 Order, in which they request that this Court toll the applicable statute of limitations for individuals who filed consent forms to be plaintiffs in this action but who are not included in the certified collective action class. [Dkt. 82.] Defendant Southwest Research Institute ("SRI") did not respond to Plaintiffs' motion.

To put Plaintiffs' request in context, a brief history of the procedural posture of this case is necessary. Plaintiffs previously asked this Court to certify a collective action for their claims against SRI for allegedly failing to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Before the Court ruled on Plaintiffs' certification request, Plaintiffs' counsel submitted consent forms signed by various SRI employees indicating their desire to "opt-in to become a 'party plaintiff' in this action . . . ." [*See, e.g.*, dkt. 12-1.]

On November 3, 2010, this Court denied Plaintiffs' request to certify a collective action class. [Dkt. 81.] Plaintiffs assert that approximately fifty individuals who had filed opt-in forms were excluded from this action as a result of the Court's order. [Dkt. 83 at 1.] Therefore, Plaintiffs request that the Court "toll for sixty days the FLSA statute of limitations as to [the excluded

opt-in plaintiffs]." [Dkt. 83 at 3.] Plaintiffs filed their opening brief on November 16, 2010, and asserted that the requested relief

> will afford the named Plaintiffs and their counsel a reasonable amount of time to provide notice to all the opt-in plaintiffs that their FLSA claims have been dismissed without prejudice to re-filing individual lawsuits. It will in turn afford the Plaintiffs, including opt-ins, a limited amount but enough time—without further or prejudicial expiration of their rights—to make a reasoned rather than hasty determination to file or not to file individually and to possibly retain alternate counsel if he/she chooses.

[Dkt. 83 at 2.] Given the amount of time that has passed since the Court's order denying certification, Plaintiffs' argument regarding the time needed to notify the excluded opt-ins fails.

Plaintiffs provide no authority supporting their request that the order be partially stayed. As for their tolling request, as a general rule, equitable tolling may allow a late FLSA claim under three circumstances: (1) where the defendant has misled the plaintiff about his cause of action, (2) where the plaintiff has been prevented in some extraordinary way from asserting his rights, or (3) where the plaintiff has timely asserted his rights in the wrong forum. *Veerkamp v. United States Sec. Assocs.*, 2006 U.S. Dist. LEXIS 71368 (S.D. Ind. 2006). The only authority Plaintiffs cite to support their tolling request is distinguishable, however, because the cited cases involve district courts exercising equitable powers after <u>decertifying</u> a previously certified collective action class. [Dkt. 83 at 2-3 (citing *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 71483 (D. Minn. 2006); *Smith v. Heartland Auto. Servs.*, 404 F. Supp. 2d 1144 (D. Minn. 2005); *Johnson v. TGF Precision Haircutters, Inc.*, 2005 U.S. Dist. LEXIS 44259 (S.D. Tex. 2005).] This is a material difference because the district courts in those cases had indicated to the opt-in plaintiffs that their claims were included in the collective action by certifying the class. After decertifying the class, those district courts exercised their equitable powers "[i]n fairness to the Opt-In Plaintiffs" who had previously been included as class members. *See Carl-*

*son*, 2006 U.S. Dist. LEXIS 71483 at *31. In the case at bar, however, the excluded opt-ins filed their consent forms before the collective action class was certified, and this Court never indicated that their claims were included in this action.

The statute of limitations for each potential plaintiff "continues to run until that plaintiff affirmatively opts-in to the suit." *Powers v. Centennial Communs. Corp.*, 2010 U.S. Dist. LEXIS 18397 (N.D. Ind. 2010) (citing 29 U.S.C. § 256(b)); *see also Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002) ("In a representative action under the FLSA, the statute of limitations continues to run as to each individual plaintiff until he or she files a written consent to become part of the action."). Plaintiffs request equitable tolling because they believe that the FLSA statute of limitations started to run again when the Court excluded the opt-in plaintiffs from the certified collective action. [Dkt. 83 at 2.] Plaintiffs cite *Veerkamp* to support this assertion. [Dkt. 83 at 2 (citing 2006 U.S. Dist. LEXIS 71368 at *21-22).] Although *Veerkamp* involved an FLSA collective action, the language Plaintiffs cite to support their contention concerns the state law class action claim also included in that case. A collective action is similar to, but distinct from, the typical class action brought under Rule 23 of the Federal Rules of Civil Procedure. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). "The rules governing Rule 23 class actions do not apply to FLSA collective actions." *Mathis v. Quicken Loans, Inc.*, 2007 U.S. Dist. LEXIS 82923 (E.D. Mich. 2007) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096, n.12 (11th Cir. 1996)).

Finally, even if the statute of limitations did stop running when the opt-in plaintiffs filed their consent forms and started running again when the Court denied class certification, "federal courts are not authorized to issue advisory opinions." *FCC v. Airadigm Communs., Inc.*, 616 F.3d 642, 654 (7th Cir. 2010). Plaintiffs seek the Court's declaration that the statute of limita-

tions should be tolled for the individuals who filed opt-in forms but were ultimately excluded from the certified class. If this Court were to grant the requested relief or in any other way toll the statute of limitations for these non-parties, it would be issuing an impermissible advisory opinion. If the opt-in plaintiffs choose to file individual lawsuits, any questions regarding the statute of limitations should be answered by the courts in which those suits are filed.

For these reasons, the Court **DENIES** Plaintiffs' Motion for Temporary Partial Stay of November 3, 2010 Order. [Dkt. 82.]

12/10/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**
Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Jesse S. Brar
LAW OFFICE OF JESSE BRAR
jesse.brar@gmail.com

Philip John Gutwein II
BAKER & DANIELS - Indianapolis
philip.gutwein@bakerd.com

Mick G. Harrison
mickharrisonesq@earthlink.net

Sharon L. Preston
ATTORNEY AT LAW
sharon.preston@yahoo.com

Rudolph William Savich
rsavich@aol.com

David S. Wagner
BAKER & DANIELS, LLP
david.wagner@bakerd.com